## BANDER *vs.* BURLEY.

The 144th section of title 4, chapter 2 of part 3d of the revised statutes, requiring executions issued by justices of the peace to be made returnable in ninety days when the judgment exceeds $25, and in all other cases in thirty days, is repealed by § 468 of the code. Executions issued by justices of the peace, as well as those issued by courts of record, are now required to be made returnable in sixty days.

Section 145 of the same title of the revised statutes, providing that executions issued by justices of the peace may be renewed for ninety days, on judgments for more than $25, and for thirty days in all other cases, *and no longer*, is not repealed by the code, but is still in full force, governing executions issued under the code.

And if a constable sells property upon a renewed execution issued by a justice, for less than $25, after more than thirty days from the time of its renewal have elapsed, the execution will afford no protection to the officer, or to the plaintiff who directs the sale to be made.

THIS action was commenced in a justice's court, to recover the value of a cow which had been taken and sold by direction of the defendant, on an execution in his favor, issued by a justice of the peace, against the plaintiff. Judgment was rendered in favor of the defendant, in the justice's court, which was reversed by the county court. The defendant appealed to this court.

*De Witt C. Bates,* for the appellant.

*I. E. Dewey,* for the respondent.

Bander v. Burley.

*By the Court,* CRIPPEN, P. J. The defendant attempted to justify the taking of the cow in question, under an execution in his favor against the plaintiff, issued on a justice's judgment for fifteen dollars damages and costs. The execution bore date the 1st day of March, 1852, and was levied upon the cow on that day. Nothing further was done under it, until the 30th day of April, 1852, on which day the justice renewed the same, at the request of the defendant. On the 12th day of June thereafter, the constable sold the cow, by the direction of the defendant, who bid her off on said sale. The execution was regular on its face ; it conformed to the 12th rule of § 64 of the code, which enacts that an "execution may be issued on a judgment heretofore or hereafter rendered in a justice's court, at any time within five years after the rendition thereof, and shall be returnable sixty days from the date of the same." By § 144 of title 4, chapter 2 of part 3 of the revised statutes, every execution issued by a justice was required to be dated on the day when it actually issued, and to be made returnable in ninety days from its date, in cases where the judgment, exclusive of costs, exceeded twenty-five dollars, and in all other cases, in thirty days from the date thereof. We have no doubt that the foregoing section of the revised statutes is repealed by § 468 of the code ; its provisions are clearly inconsistent with the 12th rule of the above section of the code. Executions issued by justices of the peace as well as by courts of record are now required to be made returnable in sixty days. The next provision we meet with in the revised statutes, bearing upon this case, is contained in § 145 of title 4 of chapter 2, above cited. That section enacts that if any execution be not satisfied, it may from time to time be renewed by the justice issuing the same, by an indorsement thereon to that effect, signed by him and dated when the same shall be made. Every such indorsement shall be deemed to renew the execution in full force in all respects for ninety days, if it is issued on a judgment of more than twenty-five dollars, exclusive of costs ; and for thirty days in all other cases, *and no longer*. The question now arises

whether § 145 of title 4, above quoted, is inconsistent with any of the provisions of the code.

We have been unable to find any express provision of the code repealing this section of the revised statutes. Unless it is inconsistent with some provision of the code, it remains in force, and must be applied to the renewal of executions issued under the provisions of the code. No provision is made for the renewal of executions, by the code ; and unless the law as we find it in the revised statutes is still in force, it follows that no renewal in any case can be made, of an execution issued by a justice of the peace. In that event the execution, under which the defendant attempted to justify, was clearly no protection to him after the expiration of sixty days from its date ; it strips him of every color of right to meddle in any way with the plaintiff's cow after the expiration of that period.

We have no doubt, from a careful examination of the provisions of the code, that § 145 of title 4 of chapter 2 of part 3 of the revised statutes must be regarded as unrepealed and as still in full force, governing executions issued under the code. The language of that section is clear and explicit, that by a renewal of an execution on a judgment where the damages are less than twenty-five dollars, such execution shall be in full force for thirty days from the date of such renewal, *and no longer*. The legislature very clearly enact a negative prohibition, excluding entirely the possibility of such execution remaining in force beyond the period fixed by that section. It is a familiar principle that justices of the peace are only invested with limited powers ; their jurisdiction is created and limited by statute ; no authority is conferred or possessed by them except that which the statute confers ; they take nothing by implication, but must show their power expressly given, in every case ; they have no authority to issue or to renew an execution, except such as is conferred by the legislature. If the execution under which the defendant sought to justify the taking and sale of the plaintiff's cow was in life only for thirty days from the 30th of April, on which day the renewal bears date, it follows that the authority of the constable to meddle with the property termin-

The People *v.* The Supervisors of Westchester.

ated on the first day of June, twelve days prior to the sale of the cow. It is provided by § 162 of title 4, above cited, that a constable shall not *levy upon or sell* any property upon any execution, after the time limited therein for its return, unless such execution has been renewed. Nor shall any constable do any act under a renewed execution after the expiration of the time for which the same may have been renewed. It is manifest that the execution was no protection to the officer or to the defendant who directed the sale of the plaintiff's cow; it was no better than blank paper. The plaintiff therefore was entitled to recover the value of the cow.

Other questions were raised upon the argument of the case, upon which no opinion is expressed.

The judgment of the county court is affirmed, with costs.

[TOMPKINS GENERAL TERM, September 13, 1853. *Crippen, Shankland* and *Gray,* Justices.]